IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| EXAMWORKS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-00289 |
| | § | |
| JOHN H. DORSETT, DC | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF EXAMWORKS' ORIGINAL COMPLAINT**

Plaintiff ExamWorks, LLC ("ExamWorks") complains of John H. Dorsett, DC for breach of contract. Dorsett has ignored his contractual obligations to ExamWorks and breached his promise to use ExamWorks exclusively for scheduling designated doctor exams.

A.    <u>PARTIES</u>

1.    Plaintiff ExamWorks, LLC is a limited liability company organized under Delaware law. It is a citizen of Delaware and Georgia for diversity purposes, as its sole member and 100 percent owner is ExamWorks Group, Inc., a Delaware corporation with its principal place of business in the State of Georgia. ExamWorks is the successor-in-interest to Landmark Exams, Inc.

2.    John H. Dorsett, an individual and citizen of the State of Texas, may be served with process at 1002 North Mallard Street, Palestine, TX 75801.

B.    <u>JURISDICTION</u>

3.    The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

C.    VENUE

4.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district, and because the parties agreed that "the exclusive venue for any lawsuit arising under or related to this Agreement shall be in a court of competent jurisdiction in Travis County, Texas."

D.    CONDITIONS PRECEDENT

5.    All conditions precedent have been performed or have occurred.

E.    DORSETT'S REFUSAL TO HONOR HIS CONTRACT

6.    ExamWorks provides independent medical examinations, peer reviews, bill reviews, Medicare compliance, case management, record retrieval, document management and related services to clients in Texas and throughout the U.S. ExamWorks contracts with doctors and other medical professionals, who perform examinations, reviews and other services to ExamWorks clients, which include insurance carriers, third-party claim administrators and government agencies.

7.    Dorsett is a chiropractor and one of the medical professionals that ExamWorks contracts with to perform "designated doctor" examinations on behalf of the Texas Department of Insurance, Division of Workers Compensation. Dorsett performs these examinations throughout Texas, after being scheduled through ExamWorks or one of its wholly-owned subsidiaries.

2

7188473v1/016650

8.      In 2013, Dorsett agreed to become an independent contractor to ExamWorks' predecessor Landmark Exams. The Independent Contractor Agreement ("Agreement") became effective March 5, 2013 when Dorsett signed it.

9.      Dorsett agreed that Landmark (now ExamWorks) would represent him for all designated doctor assignments within the Texas Workers' Compensation system "from the date this agreement is signed forward."

10.     ExamWorks agreed to supply Dorsett with the facilities he needed to perform examinations, to provide Dorsett administrative assistance in scheduling those examinations and for performing clerical duties, and to be responsible for billing the appropriate payor for Dorsett's services. ExamWorks also agreed to serve as the record custodian for medical records associated with Dorsett's examinations. For each examination, ExamWorks agreed to pay Dorsett according to a fee schedule.

11.     For his part, Dorsett agreed to work exclusively with ExamWorks "for all designated doctor exams awarded through" the Texas Department of Insurance during the term of the contract.

12.     The contract's initial term lasted one year, and renewed annually unless terminated in accordance with its non-renewal provision. Dorsett could elect to terminate the contract by providing written notice 90 days before the annual renewal date.

13.     Dorsett did not terminate the contract and did not provide ExamWorks any termination notice at any time.

14.     Instead, Dorsett unilaterally stopped working exclusively with ExamWorks and began working with a different company.

15.     The Texas Department of Insurance, Division of Workers' Compensation maintains an automated online system called TXCOMP to exchange information and facilitate communications between workers' compensation system participants. Medical professionals use TXCOMP to designate companies, like ExamWorks, as their administrative services company.

16.     In December 2019, Dorsett unilaterally and without notice changed his designation of his administrative services company, removing ExamWorks and substituting contact information for another company.

17.     Dorsett also began to refuse ExamWorks' requests to schedule new cases, claiming he would "personally" take care of the schedule.

18.     By his actions, Dorsett caused ExamWorks to lose designated doctor examinations and the revenue associated with that work.

19.     ExamWorks repeatedly sought to resolve the dispute, informed Dorsett of his contractual obligations and how to terminate his agreement in a timely fashion if he wished. Dorsett did not respond to ExamWorks' multiple attempts to contact him.

20.     As a last resort, ExamWorks sent Dorsett a letter asking him to remedy his contract breaches, and informing him that unless he honors his obligations, ExamWorks will be forced to consider legal action. Dorsett did not respond.

F.     COUNT 1—BREACH OF CONTRACT

21.     ExamWorks and Dorsett have a valid, enforceable Independent Contractor Agreement.

4

22.    ExamWorks is a proper party to sue for breach, having assumed the obligations of that agreement from its predecessor-in-interest Landmark Exams.

23.    ExamWorks performed its obligations under the Agreement, tendered performance of its obligations, or was excused from performing its obligations.

24.    Dorsett breached the Agreement in at least the following ways: (a) Dorsett violated the Agreement's exclusivity provision by working with a scheduling company other than ExamWorks; (b) Dorsett breached the Agreement's representation provision by ending ExamWorks' representation of Dorsett in TXCOMP, the online resource run by the Texas Department of Insurance; (c) Dorsett refused to honor appointments scheduled by ExamWorks during the term of the Agreement; and (d) Dorsett did not complete examination reports and worksheets for patient examinations scheduled by ExamWorks.

25.    Dorsett's breach of the Agreement has injured ExamWorks.

## G.    DAMAGES

26.    As a direct and proximate result of Dorsett's breaches, ExamWorks suffered the following injuries and damages: (a) lost revenue from directed doctor exams that, despite being scheduled, Dorsett did not attend; (b) lost future revenue for directed doctor exams that ExamWorks cannot schedule for Dorsett while he is in breach of his obligations and refusing to communicate with ExamWorks; (c) lost profits.

## H.    ATTORNEY FEES & COSTS

27.    As a result of Dorsett's breach, ExamWorks retained an attorney and seeks reimbursement for its reasonable attorneys' fees and costs, as authorized under Texas Civil Practice & Remedy Code § 38.001.

## I.    PRAYER

28.    For these reasons, ExamWorks asks for judgment against Dorsett for

- Actual damages;

- Prejudgment and post-judgment interest;

- Reasonable attorneys' fees;

- Costs of suit;

- All other relief the Court deems appropriate.

Date: March 19, 2020

Respectfully Submitted,

**SUSMAN GODFREY, L.L.P.**

By: */s/Richard W. Hess*
Richard W. Hess
Texas Bar No. 24046070
W.D. Tex. Bar No.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
rhess@susmangodfrey.com

**ATTORNEY IN CHARGE FOR PLAINTIFF
EXAMWORKS, LLC**

6

7188473v1/016650